UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**REYNOLD SCOTT, #099899**                    **CIVIL ACTION**

**VERSUS**                                     **NO. 06-348**

**BURL CAIN, WARDEN**                          **SECTION "C"**
**LOUISIANA STATE PENITENTIARY**


## ORDER AND REASONS

Before this Court is a petition for habeas corpus relief by Mr. Reynold Scott,[1] pursuant to 28 U.S.C. § 2254. As grounds for relief, petitioner claims that his due process and fair trial rights were violated when 1) the trial court erroneously instructed the jury on reasonable doubt; 2) the indictment was defective due to prosecutorial vindictiveness; 3) the grand jury had insufficient evidence to support the indictment and relied upon misinformation; and 4) the trial judge failed to include the responsive verdict of simple rape in the jury instructions.

Upon a thorough review of the record, the post conviction applications, the habeas petition and memoranda, and applicable law, the Court has determined that petitioner's habeas corpus petition is untimely, unexhausted and without merit. For the reasons set forth below, this petition is **DENIED**.

---

[1] The Court notes that the materials in this record variously refer to the petitioner as Scott Reynold, Scott Reynolds, and Reynold Scott. The Court will use the name Reynold Scott, as that is how petitioner signed his application.

I.     **Background and Procedural History**

Petitioner is a state prisoner at the Louisiana State Penitentiary serving a life sentence without benefit of parole, probation, or suspension of sentence.[2] The following facts are from the Louisiana Fourth Circuit Court of Appeal decision:

> Defendant Scott Reynold [sic] was charged by bill of indictment on February 23, 1989, with a violation of La. R.S. 14:42, aggravated rape. At trial, November 30, 1989, a twelve member jury found him guilty as charged. Mr. Reynold was sentenced December 6, 1989, to life imprisonment without benefit of parole, probation or suspension of sentence. Defendant now appeals, asking this court to review the record for errors patent.
> At trial NOPD Officer Wesley Morris of the rape investigation unit testified that he answered a call December 22, 1988, at about 12:48 A.M. in the 1300 block of St. Claude Ave. There he interviewed the victim, Patricia Banks, and then took her to Charity Hospital; he observed "marks" on her neck, a cut and swollen upper lip and blood on her clothing. Dr. Deborah Sherril, who was on emergency service at Charity Hospital on December 22, 1988, testified that Ms Banks had blood on her face and neck, lacerations on her upper and lower lip and four front teeth missing when Dr. Sherril saw her. A gynecological examination revealed no trauma or tears in this vagina but sperm were present.
> Ms Banks, the victim, testified that she had known Scott Reynold for years, that they had lived together at one time but had not seen each other in three or four years and that Scott Reynold had come to her house the evening of December 231, 1988. According to Ms Banks, they talked and drank beer at her house while her mother was present and then left her house to walk to a restaurant. As they walked, Mr. Reynold repeated what "some guys was talking about me," and when Ms Banks said she did not care what people were saying, Mr. Reynold "pushed" her to the ground and knocked her front teeth out. At that point Ms Banks decided not to go out for dinner but to return home. The defendant then "grabbed me around my neck," Ms Banks recalled, pulled her into a vacant lot, forced her to the ground, took her belt, wrapped it around her neck, and raped her. She heard him say "Bitch, I will kill you." Ms. Banks thought she might have passed out during the rape; however, she felt "him penetrating… my body." Ms Banks testified that she never consented to sexual intercourse and that she fought with the defendant but could not get free.
> Mildred Zeno Major, the mother of Patricia Banks, testified that her daughter and the defendant were in the parlor of her home talking on the evening of December 21, 1988. After they left, she received news that something had occurred and she walked to the site of the rape. There she saw the defendant in a police car and Patricia with her mouth bleeding. Later that evening she received a telephone

---

[2] Fed. Rec. Doc. 1, Petition for Writ of Habeas Corpus, *Scott v. Cain*.

call from Scott Reynold at her home. He said "Miss Mildred, I'm sorry. I went before the magistrate and I told them I did it." Then the phone call was cut off.

NOPD Officer Troy McConnell of the K-9 unite testified that an unknown man flagged him down in the 1300 block of Esplanade. The officer heard crying, went into a vacant lot and saw a couple on the ground. As he approached, the man got up and pulled up his pants. The woman said McConnell, "that's right, get that M.F. He raped me." Officer McConnell arrested Reynold and summoned the rape squad.

Defendant Scott Reynold testified that on the night in question he and Patricia Banks sat in the hallway at her house "talking about the old and good times," drank beer and had sex. They decided to go to a motel on Canal St. and while walking there smoked cocaine and "weed." An argument ensued because he refused to buy Patricia more cocaine and he pushed Patricia from the back; she lost her balance, fell sideways and hit her mouth so that her teeth came out. They then decided to get cigarettes and walked through the vacant lot; at that point the police car pulled up and Patricia told the policeman Reynold had raped her. Mr. Reynold admitted having four prior felony convictions. He said he called Mildred Zeno Major to ask her to testify as a character witness for him and that her testimony that he confessed to her on the telephone was a lie.[3]

The following procedural history is taken from a subsequent Louisiana Fourth Circuit Court of Appeal decision:

Defense counsel appealed seeking a review of the record for errors patent in accordance with the procedures outlined in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in *State v. Benjamin,* 573 So.2d 528 (La.App. 4th Cir.1990), and moved to withdraw. Reynold was advised by this Court of his right to file a brief but did not do so. His conviction and sentence were affirmed and counsel's motion to withdraw was granted in an unpublished opinion, *State v. Scott Reynold,* 90-KA-1443, 583 So.2d 1257 (La.App. 4th Cir. 7/16/91)…

Reynold subsequently filed a motion in the trial court requesting documents in support of his claim that he was denied effective assistance of counsel on appeal. The trial court responded by reinstating the appeal and appointed new counsel. Appellate counsel again seeks a review of the record for errors patent. In his brief to this Court, Reynolds contends pro se that both trial and appellate counsel were ineffective… [T]he trial court is without authority to "reinstate" a completed appeal. Accordingly, the trial court's order reinstating the appeal is vacated and the appeal is dismissed… Counsel's motion to withdraw is denied; counsel is ordered to assist Reynold in pursuing an application for post conviction relief.[4]

---

[3] *State v. Scott Reynold*, 90-KA-1443, 583 So.2d 1257 (La.App. 4th Cir. 7/16/91); not for publication.
[4] *State v. Reynold*, 681 So.2d 5, 5 (La.App. 4 Cir. 1996).

A series of delays ensued because several successive appointed attorneys failed to file a post-conviction application, as ordered by the appellate court on September 11, 1996. While an attorney claimed to have filed the application on February 29, 2000,[5] The Louisiana Fourth Circuit Court of Appeal denied writs on March 8, 2002, stating "A review of the record fails to show that the Relator's application for post-conviction relief was filed in the district court. The relator has not attached a copy to his writ application. Therefore, there is nothing for this court to review."[6] In late 2003, the same attorney filed an application for post-conviction relief and memorandum.[7] The trial court denied relief, and the Louisiana Fourth Circuit Court of Appeal denied writs on September 13, 2004.[8] The following reasons are quoted from that decision.

> Relator, Scott Reynold, seeks post conviction relief, asserting four claims. First, he claims the trial court gave an erroneous instruction on reasonable doubt. Assuming that this claim is not time-barred under La. C.Cr.P. art 930.8 because of the unique circumstances of this case, we nonetheless find that Relator is not entitled to any relief because of his attorney's failure to object to this instruction. *See State v. Penns*, 99-2916 (La. 12/20/99), 758 So.2d 776 (discussing and rejecting a similar claim).
> 
> The other three claims are as follows: (1) the indictment was defective, (2) the grand jury lacked sufficient proof to indict, and (3) the trial court failed to charge the jury with the responsive verdict of simple rape. None of these claims falls within an exception to La. C.Cr.P. art 930.8; Relator or his counsel either knew or should have known of all these claims. Relator does not aver that these claims rest upon any new, retroactive rules of law. Accordingly, because these claims are asserted in an untimely application, Relator's request that the trial court be ordered to rule on these claims is denied.[9]

The Louisiana Supreme Court denied writs on procedural grounds as untimely: "Denied. La.C.Cr.P. art. 930.8; *State ex rel. Glover v. State,* 93-2330 (La.9/5/95), 660 So.2d 1189."[10]

---

[5] Fed Rec. Doc. 1, Petition for Writ of Habeas Corpus, *Scott v. Cain,* Exhibit T.
[6] Fed Rec. Doc. 1, Petition for Writ of Habeas Corpus, *Scott v. Cain,* Exhibit U. 2002-K-0174, *State v. Sc*ott *Reynold*, March 8, 2002.
[7] Fed Rec. Doc. 1, Petition for Writ of Habeas Corpus, *Scott v. Cain,* Exhibit X and Y.
[8] State Rec. Vol. 3, 2004-K-1095, *State v. Scott Reynold*, September 13, 2004.
[9] State Rec. Vol. 3, 2004-K-1095, *State v. Scott Reynold*, September 13, 2004.
[10] *State ex rel. Reynold v. State*, 908 So.2d 669, 2004-2777 (La. 2005), August 19, 2005.
The pertinent text of L.S.A-C.Cr.P. Art. 930.8. reads as follows:

## II.     Jurisdiction

Jurisdiction is proper under the Antiterrorism and Effective Death Penalty Act (AEDPA) if the petitioner is "in custody" under the conviction he is attacking.[11] Petitioner Scott is confined at the Louisiana State Penitentiary in Angola, therefore jurisdiction is proper.

## III.    Venue

Venue is proper under AEDPA in the district where the inmate is in custody or where the state court conviction and sentence were obtained.[12]  Petitioner Scott was convicted and sentenced in Orleans Parish, therefore venue in the Eastern District of Louisiana is proper.

## IV.     Timeliness

The state submits that the petition is untimely, and after reviewing the record this Court agrees.  Prior to 1996, there was no time limit for filing a federal habeas petition. Generally speaking, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that a

---

"A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
(1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.
(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.
(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final…"
The pertinent section of Glover reads as follows:
"The trial court denied Glover's application on the merits without addressing the timeliness requirements in Art. 930.8. The court of appeal then denied review, holding that Glover's application was untimely pursuant to Art. 930.8. In our view, the fact that the trial court reached the merits in an untimely filed application for post conviction relief, when the application did not fit within one of the exceptions in Art. 930.8(A), did not preclude the court of appeal from raising Art. 930.8's time bar. Article 930.8(A) provides that "no application for post conviction relief shall be considered" if it is filed more than three years after the judgment of conviction and sentence have become final, unless one of Art. 930.8's exceptions apply. None of the exceptions to Art. 930.8's time limit were present, or even alleged, in Glover's post conviction relief application. As such, it was not error for the court of appeal to deny relief based on the time bar in Art. 930.8." *State ex rel.Glover v. State*, 660 So.2d 1189, 1201-1202 (La. 1995).
[11] 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).
[12] 28 U.S.C. § 2241(d).

petitioner bring his Section 2254 claims within one year of the date on which his conviction became final.[13]  An exception was created for those whose convictions became final prior to enactment of AEDPA, which allowed a one-year grace period from April 24, 1996 through April 27, 1997 to prevent any retroactive effect of AEDPA.[14]  Pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's one-year limitation period for seeking federal habeas corpus relief commenced on the date the judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review," or in this case, petitioner's conviction became final August 15, 1991.[15]  Out of an abundance of caution, the Court will allow the entire post-AEDPA grace period to accrue to petitioner's claim, and begin the one-year statute of limitations for filing his federal habeas corpus petition on April 27, 1997.[16]  AEDPA's one-year statute of limitations is tolled for the period during which a properly filed application for post state conviction relief or other collateral review attacking a conviction or sentence is pending in state court.[17]  However, almost three years passed from April 27, 1997 until February 29, 2000, when petitioner's attorney allegedly filed his motion for post conviction relief, far exceeding the statute of limitations. Two years later, the Louisiana Fourth Circuit Court of Appeal denied a writ of review because no application could be found. An additional fifteen months passed before the attorney filed the application for post conviction relief. Eventually, even though the appellate court stated reasons for denying relief, the Louisiana Supreme Court denied writs based on it being untimely. Since the application was not properly filed, it did not interrupt the statute of limitations. Petitioner filed his habeas petition on December 16, 2005. The Court interprets tolling ambiguities in favor of a petitioner, and so considers the statute tolled from February 29,

---

[13] 28 U.S.C. § 2244(d).
[14] *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998).
[15] Petitioner did not seek writs from the Louisiana Supreme Court after his conviction and sentence were affirmed.
[16] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).
[17] See *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).

2000 until March 8, 2002. However, the three years prior to the first alleged filing, when combined with the almost three years until the habeas petition was filed far exceeds the statute of limitations. That excessive period of time is fatal to petitioner's claim.

For the reasons stated above, the Court finds that Mr. Scott's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is untimely, having exceeded the statute of limitations by several years.

## V.     Exhaustion

Under AEDPA, a petitioner must first exhaust his remedies in state court before seeking habeas relief from the federal courts.[18]  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."[19]  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal habeas petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules.[20]  If a Petitioner has failed to present his claims to the state courts and, because of procedural default, is now barred from doing so, his claims are deemed unexhausted and therefore not cognizable on federal habeas review.[21]  However, as the United States Fifth Circuit Court of Appeals has noted, 28 U.S.C. § 2254(b)(2) "allows a federal court, in its discretion, to deny habeas relief on the merits, regardless of whether the applicant has exhausted state remedies."[22]

On appeal, petitioner did not apply for writs to the Louisiana Supreme Court. His post conviction applications were denied on procedural grounds, and petitioner is barred from raising them again.  In addition, petitioner did not raise, in his procedurally defaulted post conviction

---

[18] 28 U.S.C. § 2254(b)(1)(A).
[19] *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).
[20] *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).
[21] *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999).
[22] *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998),emphasis in original.

7

application, all claims asserted in this federal petition, in particular the arguments of prosecutorial misconduct due to vindictiveness, and that the grand jury relied upon misinformation. Petitioner's claims are deemed unexhausted and are not cognizable on federal habeas review. However, in the interests of judicial efficiency, the Court exercises its discretion and also finds petitioner's claims to be without merit.

## VI. Standard of Review

AEDPA comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of fact and law.[23] Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2).[24] As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[25] The United States Supreme Court has noted the following:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable,

---

[23] 28 U.S.C. § 2254(d): An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
[24] *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).
[25] 28 U.S.C. § 2254(d)(1).

application, all claims asserted in this federal petition, in particular the arguments of prosecutorial misconduct due to vindictiveness, and that the grand jury relied upon misinformation. Petitioner's claims are deemed unexhausted and are not cognizable on federal habeas review. However, in the interests of judicial efficiency, the Court exercises its discretion and also finds petitioner's claims to be without merit.

## VI. Standard of Review

AEDPA comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of fact and law.[23] Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2).[24] As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[25] The United States Supreme Court has noted the following:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable,

---

[23] 28 U.S.C. § 2254(d): An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
[24] *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).
[25] 28 U.S.C. § 2254(d)(1).

and we stressed in *Williams v. Taylor*, 529 U.S. 362 (2002) that an unreasonable application is different from an incorrect one.[26]

As to questions of fact, factual findings are presumed to be correct, and a federal court will give great deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[27]

## VII.   Law & Analysis

1) Petitioner claims the trial court erroneously instructed the jury on reasonable doubt.

Generally, the submission of improper jury instructions in a state criminal trial is not a basis for federal habeas relief.[28] Federal habeas relief is warranted only where the petitioner demonstrates that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."[29] The court inquires "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution."[30] Any errors are subject to harmless-error analysis.[31]

Petitioner has failed to demonstrate any reasonable likelihood that the jury applied the challenged (and unsupported by the record) instruction in a way that violates the Constitution. The Court defers to the state court decision denying relief, finding nothing based on any unreasonable determination of the facts in light of the evidence presented at trial, and finding nothing contrary to or involving an unreasonable application of clearly established Federal law.

---

[26] *Bell v. Cone*, 535 U.S. 685, 694 (2002), internal citations omitted.
[27] 28 U.S.C. § 2254(d)(2); see also *Hill v. Johnson*, 210 F.3d 481, 485; 28 U.S.C. § 2254(e)(1).
[28] See *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991); see also *Weeks v. Scott*, 55 F.3d 1059, 1065 (5th Cir.1995).
[29] Estelle, 502 U.S. at 72.
[30] *Id.*
[31] *Galvan v. Cockrell*, 293 F.3d 760, 765 (5th Cir.2002).

2) Petitioner claims the indictment was defective due to prosecutorial vindictiveness. Petitioner raises this claim for the first time and offers no evidence to support it. There is nothing in the record, beyond mere allegation, to support that any plea agreement was ever offered to or turned down by petitioner. The Court finds nothing based on any unreasonable determination of the facts in light of the evidence presented at trial, and finds nothing contrary to or involving an unreasonable application of clearly established Federal law. This claim has no merit.

3) Petitioner claims the grand jury had insufficient evidence to support the indictment and relied upon misinformation.

Although petitioner raised the insufficiency of evidence to support the indictment on his (procedurally defaulted) post conviction application, he raises for the first time and offers no evidence to support his claim that the grand jury relied upon misinformation. There is nothing in the record, beyond mere allegation, to support this claim. The Court finds nothing based on any unreasonable determination of the facts in light of the evidence presented at trial, and finds nothing contrary to or involving an unreasonable application of clearly established Federal law. This claim has no merit.

4) Petitioner claims the trial judge failed to include the responsive verdict of simple rape in the jury instructions.

An error made by the trial judge justifies "habeas corpus relief only when it is material in the sense of [being a] crucial, critical, highly significant factor," such that the trial is rendered fundamentally unfair.[32] In addition, as discussed above, any error in jury instructions is subject to the harmless error analysis. The Court finds that the omission of the responsive verdict of simple rape was neither material nor a highly significant factor that rendered petitioner's trial fundamentally unfair. The record supports that there were multiple other responsive verdicts

---

[32] *Andrade v. McCotter*, 805 F.2d 1190, 1193 (5th Cir. 1986).

presented to the jury, yet they chose to convict him of the crime with which he was charged. Any error was harmless. The Court finds nothing based on any unreasonable determination of the facts in light of the evidence presented at trial, and finds nothing contrary to or involving an unreasonable application of clearly established Federal law. This claim has no merit.

**V.     Conclusion**

Having considered the complaint, the record, and the applicable law, it is determined that petitioner has failed to demonstrate that his petition was filed in a timely manner or that he exhausted his claims. In the interests of judicial efficiency, the Court also finds that the petition is also without merit. Accordingly, **IT IS ORDERED** that the petition of REYNOLD SCOTT for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**. Judgment will be entered accordingly.

New Orleans, Louisiana this 5th day of March, 2007.

_____
HELEN G. BERRIGAN
U.S DISTRICT JUDGE